UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>        Plaintiff,<br><br>     v.<br><br>EASTERN DISTRICT OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-2058-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CIVIL RIGHTS COMPLAINT<br><br>[ECF No. 1] |

    Plaintiff Maurice Hunt is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Plaintiff is proceeding pro se in this civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

    Plaintiff filed the instant complaint on December 22, 2014.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

To state a claim, Plaintiff must link each named defendant to a violation of his constitutional rights; there is no *respondeat superior* liability under Bivens. Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010). Plaintiff is required to set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names the United States District Court for the Eastern District of California, Peggy Crawford, and Katherine L. Hart as Defendants in this action.

On August 5, 2013, Plaintiff was ordered to proceed pro se, and on August 6, 2013, a criminal trial began which ended on August 9, 2013. Plaintiff was present during the trial and raised all objections and conducted cross-examination.

In April 2014, Plaintiff received a package from Katherine L. Hart containing trial transcripts in his criminal case number 1:13-cr-00189. After reviewing the transcripts, Plaintiff realized that the

transcripts were not a true and accurate account of the testimony which took place during his trial, including omissions of testimony from various witnesses, inserts of responses that witnesses never made while testifying, and restructuring of the body of some of the witnesses' testimony.

Katherine L. Hart reported to Plaintiff that she received that transcripts from Peggy Crawford and forwarded the file to the United States Court of Appeals for the Ninth Circuit. In filing papers before the Ninth Circuit, Katherine Hart stated that she did not tamper with the court reporters transcripts. Plaintiff has filed objections, pro se, in the Ninth Circuit court of appeals pertaining to the accuracy of the trial transcripts.

Plaintiff requests immediate judicial investigation into the accuracy of the trial transcripts.

### III.
### DISCUSSION

Plaintiff is a federal prisoner and he indicates on the form that this action is brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which, under limited circumstances, provides a remedy for violation of civil rights by federal actors. Minneci v. Pollard, __ U.S. __, __, 132 S.Ct. 617, 621 (2012).

Plaintiff's complaint must be dismissed, without leave to amend, for failure to state a cognizable claim for relief. Plaintiff's claim the transcripts from his criminal trial are inaccurate does not provide a basis for relief under Bivens. Criminal defendants do not have a constitutional right to a totally accurate transcript of their court proceedings. See Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993) (holding that a civil rights plaintiff "does not have a constitutional right to a totally accurate transcript of his [underlying] criminal trial"). Even if a plaintiff can show that a transcript is inaccurate, a plaintiff can only state a constitutional violation if the "inaccuracies in the transcript adversely affected the outcome" of the proceeding. Id. That is, in order to show prejudice, Plaintiff must demonstrate that his underlying conviction and sentence have been vacated. Id. at 750.

In Tedford, the Court reasoned that:

> [P]laintiff cannot have been damaged by the inaccuracies in the transcript or by any of the alleged actions of the defendants, unless and until his conviction and sentence are vacated on constitutional grounds. If the actions complained of did not deprive plaintiff

3

of a fair and adequate appellate review of his conviction, he cannot prevail on his damage claims.

Id. at 749.  In addition, "court reporters are [not] liable in a section 1983 case for innocent errors, even if negligent."  Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006).  To the extent Plaintiff seeks to challenge the accuracy of the trial transcripts, his avenue is to seek relief at the appellate court, which he contends he has done.  As such, there is no prejudice.  Plaintiff admits his present criminal conviction is on appeal at the Ninth Circuit and he cannot under any facts demonstrate that his underlying conviction has been invalidated, such that relief by way of Bivens is somehow available. Consequently, amendment would be futile and the complaint should be dismissed, without leave to amend, for failure to state a cognizable claim for relief.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

### III.

### RECOMMENDATION

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 5, 2015**

UNITED STATES MAGISTRATE JUDGE